# NRP

**Employment Solution Program**
Arbitration Agreement

I agree to use NRP Investments LLC's **Employment Solution Program** ("**ESP**") to bring **any claim of any kind** against NRP Investments LLC, or its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, holding companies, current and former directors, officers, shareholders, representatives, employees, insureds, benefit plans, benefit plan administrators, members and attorneys (collectively called "NRP"). I also agree that my heirs, spouse and legal representatives must also use the ESP to bring these same claims against NRP. The only claims that I do not have to bring in the ESP are claims for unemployment compensation benefits, for workers' compensation benefits, or for unfair labor practices under the National Labor Relations Act.

In consideration for my agreement to use the ESP, NRP agrees to: 1) use the ESP for any claims against me (e.g., civil claims for theft, embezzlement, restitution, trade secrets/propriety information, etc.); and 2) pay all fees assessed by National Arbitration and Mediation ("NAM") relating to any ESP proceedings (including all filing fees, administration fees, and arbitrator fees).

NRP and I may seek and be awarded any remedy through the ESP that we could have received in court, and the arbitrator shall have the power to award any type of relief that would be available in court under applicable law. Either NRP or I may ask a court of competent jurisdiction to preserve the status quo pending final disposition of a claim in the ESP. But neither NRP nor I are required to do this in order to bring a claim in the ESP, and **the filing of a lawsuit in court does not stop the running of any of the deadlines and time limits in the ESP**, regardless of the reason for the lawsuit.

The ESP is a two-step process that culminates in mandatory and binding arbitration before an organization called "National Arbitration and Mediation" ("NAM"). Any claim that reaches the arbitration stage of the ESP will be arbitrated by one arbitrator in accordance with NAM's current *"Employment Rules and Procedures,"* as amended by the ESP's Official Rules. However, the following portions of NAM's *"Employment Rules and Procedures"* as in effect in January 2013 (and all future versions of these particular NAM rules) will not apply to any proceedings in the ESP: Rule 5.B.ii (*"Response"*), Rule 10 (*"Discovery"*), Rule 11.D (*"Briefing"*), and Rule 11.F.i (*"Consolidation/Claims"*). I can always read NAM's *"Employment Rules and Procedures"* on NAM's website (www.namadr.org). A copy of the ESP's Official Rules is attached to this Agreement, and I can also always get a copy of the ESP's Official Rules from the ESP Administrator. In the event of a conflict between NAM's *"Employment Rules and Procedures"* and the ESP's Official Rules, the ESP's Official Rules will control.

All claims brought in the ESP must be in writing. Both NRP and I must comply with all of the following rules and deadlines when bringing a claim in the ESP:

**Employment Solution Program**
Arbitration Agreement

- *Step One (Mediation)*: All requests to bring a claim in the ESP must be made on a completed Step One Claim Form, which must be signed and either postmarked or delivered to the ESP Administrator **no later than one year** after the alleged unlawful conduct has occurred.

- *Step Two (Mandatory and Binding Arbitration)*: A demand to proceed to Step Two must be made on a Step Two Arbitration Demand Form, which must be signed and either postmarked or delivered to the ESP Administrator **no later than 30 calendar days** after the conclusion of the Step One mediation. (or, if the mediation never took place because either of the parties failed to appear for it, 30 calendar days after the date that the ESP Administrator had scheduled for the mediation to take place).

If either NRP or I fail to meet any of these deadlines, our claims will be waived and released, and we will lose the right to bring these claims forever.

The arbitrator's decision in any ESP proceeding will be final and binding on both me and NRP. All claims in the ESP are governed by the law of the jurisdiction where the claim arose. Absent an undue hardship as determined by arbitrator, the arbitration must occur within 15 miles of where I last worked for NRP. The arbitrator must decide all questions of arbitrability (e.g., whether an issue must be arbitrated pursuant to this Agreement). The arbitrator may also decide all procedural questions that grow out of the dispute and bear on its final disposition, but if NRP or I have for any reason already initiated a lawsuit in court, that court has the authority to decide those types of procedural questions (e.g., whether all claim deadlines were met).

> **Even though I have signed this Agreement, I can still file complaints and charges with the National Labor Relations Board or the Equal Employment Opportunity Commission, or other government agencies. I can also participate fully in investigations and proceedings conducted by those agencies.** Nothing in this Agreement is meant to limit or restrict the ability of any government agency to conduct investigations or other proceedings, or initiate claims or lawsuits in its own right, or perform any other act that the agency is empowered by law to perform. However, except where prohibited by law, I waive my right to any individual remedy that a government agency might attempt to obtain on my behalf, if the remedy is one that I could have obtained myself by using the ESP.

I can only bring claims in the ESP in my own individual capacity. I cannot bring claims in the ESP as a representative of any purported class or collective action, nor can I bring any claim in the ESP on behalf of someone else, nor can I be a member of any class or collective action in any ESP proceeding. NRP is bound by this same restriction.

This Agreement is being made pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1-14). Ohio law otherwise governs this Agreement. If any term of this Agreement is declared illegal or unenforceable for any reason, and cannot be reformed to be

**Employment Solution Program**
Arbitration Agreement

enforceable, NRP and I intend for the remainder of this Agreement to remain in full force and effect to the maximum extent allowed by law.

This Agreement cannot be modified orally. All modifications must be in writing and signed by both me and NRP's ESP Administrator.

Nothing in this Agreement changes the at-will nature of my employment with NRP. My employment with NRP remains at-will, and either NRP or I may end the relationship at any time and for any reason and without any prior notice being required.

NRP and I both agree that this Agreement contains fair and sufficient consideration.

I understand that I have the right to consult a lawyer of my choice before signing this Agreement, and if I have signed this Agreement, it is only because I have already consulted a lawyer if I wanted to. I also understand that, by signing this Agreement, and except where prohibited by law, I am giving up forever my right (and that of my heirs, spouse, agents and legal representatives) to have a jury decide the claims that I might want to bring against NRP. If I have signed this Agreement, I have done so free of any duress or coercion.

> Si usted habla español: NRP le ha dado al Empleado la oportunidad de examinar este Acuerdo en espanol o de tenerselo leido en espanol al Empleado. *¡En el caso de que haya un conflicto entre la version inglesa y la version espanola de este Acuero, la version inglesa dominara!*

_____        12/16/2019
Employee Signature                              Date

Damon Lake
Print Name


_____        7/24/17
NRP Investments LLC                             Date
ESP Administrator


Rev. February 2013                     3